**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dong Van Nguyen,<br><br>        Petitioner,<br><br>v.<br><br>Gregory J Archambeault, et al.,<br><br>        Respondents. | No. CV-25-04107-PHX-SHD (ASB)<br><br>**ORDER** |

      Petitioner filed a Petition for Writ of Habeas Corpus and Injunctive Relief under § 2241 and a Motion for Temporary Restraining Order challenging his immigration detention.[1] (Docs. 1-2.) In its November 4, 2025 Order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted. (Doc. 5.) The OSC is fully briefed. (Docs. 7-8.) The Petition will be granted, and Respondents must immediately release Petitioner from custody.

      Petitioner is a citizen of Vietnam who came to the United States as a refugee on February 25, 1992. (Doc. 1 ¶ 2.) His order of removal to Vietnam became final on July 27, 1999, and Petitioner was released from immigration detention on January 10, 2000 on an order of supervision ("OSUP"). On June 24, 2025, ICE took Petitioner into custody "to effectuate removal to Vietnam." (*Id.* ¶ 21.)

      In the November 4 OSC, the Court identified the regulatory provisions Respondents were required to follow before redetaining Petitioner. Specifically, 8 C.F.R. § 241.13(i)(3)

---

[1]     Petitioner paid the filing fee for a habeas corpus action.

sets forth the following procedural requirements when revoking an order of supervision:

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification.

In their response to the OSC, Respondents assert that on November 7, 2025, after this action was filed, they provided Petitioner with notice of the reasons for the revocation and an informal interview. Respondents further argue that any noncompliance with 8 C.F.R. § 241.13 is "harmless[] because the lapse in procedure was subsequently rectified and even if this court were to order Petitioner to be released on this basis, ICE could detain him again immediately." (Doc. 7 at 7.) But Respondents implicitly acknowledge their noncompliance with the regulation that required ICE to provide notice and conduct the informal interview promptly after Petitioner's redetention. That requirement is not an abstract procedural technicality. The regulation required Respondents to conduct an interview with Petitioner to afford him the "opportunity to respond to the reasons for revocation." 8 C.F.R. § 241.13(i)(3). Respondents' failure to comply with the governing regulation is prejudicial in that, if the regulation had been followed, Petitioner would have had a meaningful timely opportunity to no longer be detained. The delay of over four months deprived Petitioner of the opportunity to challenge the reasons for his redetention. Petitioner's immediate release is required to return him to the status quo ante—"the last uncontested status which preceded the pending controversy." *Yang v. Kaiser*, No. 2:25-CV-02205-DAD-AC (HC), 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2025); *see also Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2419288, at *28 (W.D. Wash. Aug. 21, 2025) (ordering immediate release of noncitizen detained in violation of regulations).

This decision is in accord with myriad other district courts to address this issue. *See Phan v. Noem*, 3:25-CV-02422-RBM-MSB, 2025 WL 2898977, at *5 (S.D. Cal. Oct. 10, 2025) ("The Court's research indicates that every district court, except one, to consider the

issue has 'determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.'"; *see, e.g.*, *Rombot v. Souza*, 296 F. Supp. 3d 383, 387–88 (D. Mass. 2017) (ordering the petitioner released where, "[b]ased on ICE's violations of its own regulations, the Court concludes [the petitioner's] detention was unlawful"); *K.E.O. v. Woosley*, Civil Action No. 4:25-cv-74-RGJ, 2025 WL 2553394, at *7 (W.D. Ky. Sept. 4, 2025) (noting "courts across the country have ordered the release of individuals" in ICE custody where ICE "violated [its] own regulations"); *Grigorian v. Bondi*, 25-cv-22914-RAR, 2025 WL 2604573, at *10 (S.D. Fla. Sept. 9, 2025) ("The failure to provide [the petitioner] with an informal interview promptly after his detention or to otherwise provide a meaningful opportunity to contest the reasons for revocation violates both ICE's own regulations and the Fifth Amendment Due Process Clause.  This compels [the petitioner's] release."); *M.S.L. v. Bostock*, 6:25-CV-01204-AA, 2025 WL 2430267, at *11 (D. Or. Aug. 21, 2025) ("ICE's failure to provide Petitioner with a timely Notice of Revocation or conduct an informal interview until nearly a month after taking her into custody is a grave violation of Petitioner's due process rights in that they deprived her both of meaningful notice and an opportunity to be heard.").

This leads to the second reason why Respondents' failure is harmful: Respondents do not dispute Petitioner's detention is unreasonably prolonged.  Nor could they—Petitioner spent nearly six months in post-removal detention in 1999 and has spent nearly five additional months in detention this year.

The United States Supreme Court has held that 8 U.S.C. § 1231 "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).  And if Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.  Petitioner argues it is not significantly likely he will be removed to Vietnam in the reasonably foreseeable future because between "September 2021 to September 2023, Vietnam issued travel documents to only four pre-1995 Vietnamese immigrants whom ICE sought to deport."  (Doc. 1 ¶ 38.)  Moreover, the

"process to secure a travel document from Vietnam for a pre-1995 immigrant is multilayered and lengthy, requiring interviews and verification by authorities in Vietnam." (*Id.* ¶ 39.)

In its response brief, the Government argues the removal "process is in motion" and Respondents have submitted a travel document request for Petitioner and requested translation of Petitioner's Vietnamese identity documents. Both of those requests remain pending. (Doc. 7 at 6.) This is insufficient to establish Petitioner's removal is significantly likely to occur in the reasonably foreseeable future. Respondents have therefore not met their burden to show that Petitioner's removal is likely to occur at all, much less in the reasonably foreseeable future. *See Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (government failed to rebut showing removal is not reasonably foreseeable when they have not shown "that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months.").

Because Respondents concede they did not timely comply with 8 C.F.R. § 241.13(i)(3) and the Court finds there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future, the Court will grant the Petition as to Counts Two and Four and direct Respondents to release Petitioner from custody. The Court will deny the remaining claims in the Petition as moot.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Counts Two and Four**. The Petition is otherwise denied as moot.

**IT IS FURTHER ORDERED** Petitioner must be released from immigration custody immediately under the same conditions that existed prior to his redetention.

**IT IS FURTHER ORDERED** Respondents must file a notice of compliance confirming Petitioner's release no later than 4:00 p.m. on November 25, 2025.

///

///

**IT IS FURTHER ORDERED** all pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 21st day of November, 2025.

_____
Honorable Sharad H. Desai
United States District Judge